**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| COUNTRY INNS & SUITES BY CARLSON, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHISHOLM INNS & SUITES, LLP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 00-2075 DWF/RLE<br><br><br><br>**CONSENT ORDER FOR PERMANENT INJUNCTIVE RELIEF** |

## I. DEFINITIONS

The parties agree and stipulate that certain terms will be defined, for purposes of this Consent Order, as follows:

A. **"CIS Marks"** means the Country Inn & Suites By Carlson® trademark and other trademarks, service marks, trade names and trade dress—including the trademarks identified in Exhibit A to the Affidavit of Gary Widell—that are licensed for use in authorized Country Inn & Suites® hotels.

B. **"Country"** means Country Inns & Suites by Carlson, Inc., a Minnesota corporation, with its principal office located at 1405 Xenium Lane North in Plymouth, Minnesota.

C. **"Defendant"** means Chisholm Inns & Suites, LLP, a Minnesota limited liability partnership that operates a hotel at 501 Iron Drive in Chisholm, Minnesota.

D. **"Hotel"** means Defendant's hotel located at 501 Iron Drive in Chisholm, Minnesota.

FILED OCT 30 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

E. **"License Agreement"** means the June 5, 1998 License Agreement between Country and Defendant.

## II. FACTUAL BACKGROUND

A. Country is the franchisor of Country Inn & Suites® hotels and the owner of the CIS Marks. Country Inn & Suites® franchisees enjoy a license from Country that allows them to use the CIS Marks in connection with the operation of Country Inn & Suites® hotels.

B. Country hotels are characterized by a unique system (the "Business System"), which includes distinctive exterior and interior design, décor, color scheme, and furnishings; uniform standards, specifications, and procedures for operations; quality and uniformity of products and services offered; procedures for inventory and management control; training and assistance; and advertising and promotional programs.

C. Effective June 5, 1998, Country entered into the License Agreement with Defendant under which it granted Defendant the right to develop and operate a Country Inn & Suites® hotel at 501 Iron Drive in Chisholm, Minnesota. The term of the License Agreement was fifteen years.

D. As a result of a dispute between the parties relating to Defendant's failure to pay required fees under the License Agreement, Country terminated the License Agreement effective June 6, 2000.

E. Defendant's obligations upon termination of the License Agreement are set forth in Articles 12.1 and 12.2 thereof, which provide:

> 12.1 TERMINATION OF USE OF MARKS; OTHER OBLIGATIONS. In the event this Agreement expires or is terminated for any reason, then the Licensee will: (A) immediately cease to operate the Hotel under the Business System; (B) immediately cease to use the Manual, the Marks, and the Reservation System; (C) within five (5) days after termination or expiration, pay all amounts due and owing to the Licensor under this Agreement;

(D) immediately deliver to the Licensor by first class prepaid United States mail all Manuals, brochures, advertising and promotional materials and all other printed materials pertaining to the operation of the Hotel; and (E) comply with all applicable terms and conditions of this Agreement. Upon termination or expiration of this Agreement for any reason, the Licensee's right to use the Marks, the Reservation System and the Business System will terminate immediately.

12.2 ALTERATION OF LICENSED LOCATION. If this Agreement is terminated for any reason or if the Licensed Location ever ceases to be used as a Country Inn & Suites Hotel, then the Licensee will, at its expense, alter, modify and change, both the exterior and interior appearance of the Licensed Location and the Hotel building so that it will be easily distinguished from the standard appearance of a Country Inn & Suites Hotel. At a minimum, such changes and modifications to the Licensed Location will include: (A) immediately discontinuing the use of all of the Licensor's Marks and the Business System; (B) immediately discontinuing the use of the Licensor's Manuals; (C) removing all exterior and interior signs, including the Free Standing Sign, the Building Signs, and the sign can; (D) removing exterior shutters and lattice and replace with standard architectural grill; (E) altering the lobby so that it will be easily distinguished from other County Inn & Suites Hotels; (F) carpet the wood floor in the lobby; (G) removing all comforters and dust ruffles from each guest room and replace them with standard bedspreads; (H) removing or painting over the wallpaper border in the lobby and each guest room; (I) removing decorative key rack at the front desk; and (J) removing room number signs.

F. In entering into the License Agreement, Defendant agreed that its license to use the CIS Marks existed only as long as the License Agreement was in effect. Specifically, Article 3.2 of the License Agreement provides the following:

3.2 CONDITIONS TO LICENSE. The Licensee's nonexclusive right to use the Licensed Name as the name of the Licensee's Hotel and its right to use the Marks and the Business System applies only to the Hotel at the Licensed Location and only so long as the Licensee fully performs and complies with all of the conditions, terms and covenants of this Agreement. The Licensee will not have or acquire any ownership or other rights in any of the Marks or the Business System other than the right of use as provided herein. The Licensee will have the right to use the Marks and the Business System only in the manner prescribed, directed and approved by the Licensor in writing. . . . The Licensee expressly understands and acknowledges that the Licensor is the owner of all rights, title and interest in and to the Marks and the Business System, and the goodwill associated with and symbolized by the Marks and the Business System. The Marks are valid and serve to identify the Licensor as the source of origin of the goods and services provided under the Business System. Any and all goodwill

> associated with the Marks and the Business System will inure exclusively to the Licensor's benefit, and upon the expiration or termination of this Agreement, no monetary amount will be assigned as attributable to any goodwill associated with the Licensee's use of the Marks and the Business System. The Licensee will at no time take any action whatsoever to contest the Licensor's Marks and Business System and the goodwill associated therewith and will not allege any ownership in the Marks or the Business System.

G. Defendant has not complied with the post-termination obligations set forth in Articles 12.1 and 12.2 of the License Agreement and, notwithstanding Article 3.2 of the License Agreement, has continued to operate the Hotel as if the Hotel were a licensed Country Inn & Suites® hotel since the termination date.

H. On or about September 12, 2000, Country filed an Amended Complaint in the United States District Court for the District of Minnesota alleging claims for: (1) trademark infringement, false designation of origin and unfair competition and trademark dilution under the Lanham Act; (2) breach of contract based on Defendant's continued use of the CIS Marks, violation of other post-termination obligations, and failure to pay certain outstanding and unpaid fees; and (3) lost profits arising out of Defendant's breach of contract.

I. On or about September 14, 2000, Country filed a Motion for Preliminary Injunction in the United States District Court for the District of Minnesota seeking to obtain preliminary relief based upon Defendant's continued use of the CIS Marks and continued violation of Defendant's other post-termination obligations under Article 12 of the License Agreement, and seeking to recover costs and attorneys' fees incurred by Country in connection with its Motion for Preliminary Injunction.

J. The parties wish to avoid the expense attendant to further legal proceedings relating to Country's request for preliminary and permanent injunctive relief.

Accordingly, the parties have entered into this Consent Order for Permanent Injunctive Relief.

## III. TERMS OF CONSENT ORDER

The parties hereby STIPULATE and AGREE to the Court's entry of this Consent Order for Permanent Injunctive Relief and agree to be bound by its terms, which are as follows:

A. By entering into this Consent Order, the parties agree to dismiss all claims and defenses arising out of Country's requests for preliminary and permanent injunctive relief, except as otherwise provided in subparagraph D below.

B. On before Tuesday, October 31, 2000, Defendant will, at Defendant's expense:

1. Cease to operate the Hotel under the Country Inn & Suites® Business System;

2. Cease to use the Country Inn & Suites® Manual;

3. Discontinue use of any of the CIS Marks in connection with the operation or promotion of the Hotel or any other guest lodging facility;

4. Alter, modify and change, both the exterior and interior appearance of the licensed location and the Hotel building so that the Hotel will be easily distinguished from the standard appearance of a Country Inn & Suites® Hotel by:

(a) Removing all exterior and interior signs that bear any of the CIS Marks, including free-standing signs, building signs, and the sign can;

(b) Altering the lobby so that it will be easily distinguished from other County Inn & Suites® Hotels;

(c) Removing all comforters and dust ruffles from each guest room and replacing them with standard bedspreads;

(d) Removing or painting over the wallpaper border in the Hotel lobby and each Hotel guest room;

(e) Removing the decorative key rack at the front desk; and

(f) Removing and replacing the room number signs.

4. Deliver to the Country by first class prepaid United States mail all Manuals, brochures, advertising and promotional materials and all other printed materials pertaining to the operation of the Hotel and provide written certification that it did not make or retain any copies of such Manuals or other materials, or any portions thereof.

C. On and after October 31, 2000, Defendant will be permanently enjoined from using any of the CIS Marks in any way in connection with the operation, promotion or advertisement of the Hotel, or of any other guest lodging facility.

D. This Consent Order for Permanent Injunctive Relief shall have no effect on, and Country expressly reserves, Country's claims to recover damages, lost future profits, costs, and attorneys' fees as alleged in its Amended Complaint, and to obtain additional permanent injunctive relief to enforce Defendants' obligations under Sections 12.2(D) and 12.2(F) of the License Agreement.

E. Any civil action to enforce this Consent Order will be brought in the United States District Court for the District of Minnesota. In a civil action to enforce this Consent Order, any party may seek any appropriate relief, including an adjudication of contempt. The parties agree that the prevailing party in any such civil action will be

entitled to recover any and all costs and attorneys' fees incurred therein from the other party.

Dated: oct 27, 2000

CHISHOLM INNS & SUITES, LLP

By: [signature]
Its: President

Subscribed and sworn to before me this
27th day of October, 2000.
[signature: Mary J. Bernardson]
Notary Public
Commission Expires: 1/31/2005

MARY J. BERNARDSON
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

Dated: October 26, 2000

STRONG, TULLY, TULLY & CROUCH, LTD.

By: [signature]
Ralph H. Tully
Minnesota Atty #111247
4043 Brookside Avenue South
St. Louis Park, Minnesota 55416
Telephone: (952) 285-9911

**ATTORNEYS FOR DEFENDANT**
**CHISOLM INNS & SUITES, LLP**

Dated: October 27, 2000

COUNTRY INNS & SUITES BY CARLSON, INC.

By: ______________________
Its: President

Subscribed and sworn to before me this
27th day of October, 2000.

Sara Elaine Messier
Notary Public
Commission Expires: 1-31-2005

SARA ELAINE MESSIER
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

Dated: October 27, 2000

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By: ______________________
Troy A. Bader,
Minnesota Atty #191966
Michael E. Martinez,
Minnesota Atty #0277836
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800

**ATTORNEYS FOR PLAINTIFF COUNTRY INNS & SUITES BY CARLSON, INC.**

**ENTERED** and **ORDERED** this 30th day of October, 2000.

______________________
Judge of U.S. District Court, District of Minnesota

GP:743732 v1